UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| M-I LLC, | § | No. 5:15–CV–406 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| FPUSA, LLC, | § | |
| | § | |
| Defendant. | § | |

ORDER STAYING CASE DUE TO
SUGGESTION OF BANKRUPTCY

On May 15, 2015, Plaintiff M-I LLC ("M-I"), brought suit against Defendant FPUSA ("FPUSA"), alleging that three of FPUSA's drilling fluid recovery systems (collectively, the "Vac-Screen Systems") infringe upon technology protected by M-I's Patent No. 9,004,288 (the "'288 Patent"), issued by the United States Patent and Trademark Office ("USPTO") on April 14, 2015.  M-I filed a motion for a preliminary injunction on May 21, 2015; this Court issued a preliminary injunction on June 24, 2015, enjoining FPUSA from infringing upon Claim 16 of the '288 Patent.  (Dkts. ## 8, 31.)  FPUSA appealed.  (Dkt. # 49.)

On August 12, 2015, M-I filed an Amended Complaint adding an additional allegation that FPUSA's Vac-Screen Systems infringe upon one or more claims of United States Patent No. 9,074,440 (the "'440 Patent"), which was issued to M-I by the USPTO on July 7, 2015.  (Dkt. # 63.)  On September 24, 2015, the

1

Federal Circuit affirmed this Court's decision that Claim 16 of the '288 Patent is likely infringed, vacated the preliminary injunction, if any, as to Claim 1, and remanded the case to this Court to reform the injunction in accordance with Federal Rule of Civil Procedure 65(d).  See M-I, LLC v. FPUSA, LLC, No. 2015-1870, 2015 WL 5603901 (Fed. Cir. Sept. 24, 2015).  On November 4, 2015, after receiving the Federal Circuit's mandate, this Court reformed its preliminary injunction and specifically enjoined infringement of Claim 16 of the '288 Patent, contingent upon M-I posting a bond in the amount of ten million dollars.  (Dkt. # 89.)  M-I posted a bond in the specified amount the following day.  (Dkt. # 90.)

On April 21, 2016, FPUSA filed a Suggestion of Bankruptcy notifying this Court of its Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code, in Bankruptcy Case No. 16-40742 in the Sherman Division of the Eastern District of Texas.  (Dkt. # 109.)  Section 362 of the United States Bankruptcy Code requires that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. § 362(a)(6).  The objective of M-I's Amended Complaint is to find that FPUSA is liable for direct and indirect infringement of the '288 and '440 Patents, enjoin future infringement, and to obtain compensation for damages, reasonable costs, and attorney's fees.  Because

the Vac-Screen technology at issue is held by a debtor involved in a bankruptcy proceeding, this Court finds that the action must be **STAYED** pursuant to Section 362(a)(6) of the United States Bankruptcy Code.

Where a suit is stayed pursuant to a bankruptcy proceeding, an administrative closure is appropriate.  See <u>Mire v. Full Spectrum Lending Inc.</u>, 389 F.3d 163, 167 (5th Cir. 2004).  An administrative closure is "a postponement of proceedings," rather than "a termination."  <u>S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.</u>, 383 F.3d 297, 302 (5th Cir. 2004).  A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."  <u>Mire</u>, 389 F.3d at 167.

The Clerk's office is **DIRECTED** to administratively close this case pending further order of the Court.  The claims construction hearing scheduled for May 5, 2016, is hereby **CANCELLED**.  Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.

**IT IS SO ORDERED.**

**DATED:** April 26, 2016.  San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge