UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| M-I LLC, | § | No. 5:15–CV–406 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| FPUSA, LLC, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING MOTION FOR RECONSIDERATON

This suit arises out of Plaintiff M-I LLC's ("M-I") allegation that three of Defendant FPUSA's drilling fluid recovery systems (collectively, the "Vac-Screen Systems") infringe upon technology protected by M-I's Patent No. 9,004,288 (the "'288 Patent"), issued by the United States Patent and Trademark Office ("USPTO") on April 14, 2015.

On November 4, 2015, this Court issued a preliminary injunction enjoining FPUSA from infringing upon Claim 16 of the '288 Patent, contingent upon M-I posting a bond in the amount of ten million dollars. (Dkt. # 89.) M-I posted a bond in the specified amount the following day. (Dkt. # 90.)

On November 19, 2015, FPUSA filed a Petition for Inter Partes Review ("IPR") before the Patent Trial and Appeal Board ("PTAB") of the USPTO, seeking review of the '288 Patent. (Dkt. # 113, Ex. C.) FPUSA's IPR

1

Petition relied on the 37-page expert declaration of Peter Matthews; it did not cite any other experts. (See id.; Dkt. # 113 Ex. N ¶ 2.) On June 2, 2016, the PTAB issued a decision instituting IPR on various Claims of the '288 Patent; the decision relies extensively on the expert declaration of Mr. Matthews. (Dkt. # 113, Ex. J at 8, 14, 25–27.)

On April 21, 2016, FPUSA filed a Suggestion of Bankruptcy notifying this Court of its Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code, in Bankruptcy Case No. 16-40742 in the Sherman Division of the Eastern District of Texas. (Dkt. # 109.) On April 26, 2016, this Court stayed the case pursuant to the automatic stay provision of the United States Bankruptcy Code and administratively closed the case. (Dkt. # 110); 11 U.S.C. § 362(a)(6).

On August 5, 2016, United States Bankruptcy Judge Brenda T. Rhodes issued an order modifying the automatic stay to permit FPUSA to file a motion to dissolve the preliminary injunction. (Dkt. # 113-1.) The same day, FPUSA filed a motion to dissolve the preliminary injunction, arguing that the PTAB's decision to institute IPR constitutes a change in circumstances warranting dissolution of the preliminary injunction. (Dkt. # 113.)

On August 10, 2016, M-I filed a motion to compel the deposition of Mr. Matthews, and to extend the deadline to respond to the FPUSA's motion to

dissolve the preliminary injunction until two weeks after the deposition of Mr. Matthews.  (Dkt. # 114.)  On August 11, 2016, this Court issued a text order denying the motion to compel Mr. Matthews' deposition, but granting the motion to set M-I's response deadline for two weeks after the date of Mr. Matthews' deposition.  (Dkt. # 114, text order.)

On August 15, 2016, FPUSA filed the instant motion for reconsideration, alleging that Mr. Matthews' deposition testimony is not relevant to the motion to dissolve the injunction, and that M-I's motive in seeking to depose Mr. Matthews is to delay the Court's consideration of the motion to dissolve the injunction and cause FPUSA to expend additional legal fees.  (Dkt. # 115.)  FPUSA argues that M-I seeks to depose Mr. Matthews to force FPUSA to convert its Chapter 11 bankruptcy proceeding to a Chapter 7 bankruptcy proceeding.  (Id.)  M-I timely filed a Response on August 22, 2016.  (Dkt. # 116.)  FPUSA did not file a Reply.

Both parties aver that Mr. Matthews will be deposed in the IPR proceeding on September 15, 2016.  (Dkt. # 115 at 4 n.1; Dkt. # 116 at 2 n.1.)  Further, FPUSA's original deadline to file a plan of reorganization in its Chapter 11 proceeding was August 19, 2016; FPUSA filed a motion before the Bankruptcy Court to extend its deadline to file a plan of reorganization until November 17, 2016, stating that "[i]f the preliminary injunction [currently before the

undersigned] is not dissolved, the Debtor will likely convert to a Chapter 7 liquidation." (Dkt. # 116, Ex. 1 ¶¶ 14–15, 20.)

Based on the facts before the Court, it is unlikely that the delay caused by deposing Mr. Matthews on September 15, 2016, will substantially affect the status of FPUSA's bankruptcy case, and is unlikely to significantly prejudice FPUSA. Further, the PTAB's decision to institute IPR was made, at least in part, based upon the declaration of Mr. Matthews. (See Dkt. # 113, Ex. J.) In fairness to the parties, M-I should be granted the opportunity to depose Mr. Matthews before responding to the motion to dissolve the injunction. Accordingly, the Court **DENIES** FPUSA's Motion for Reconsideration (Dkt. # 115). As Mr. Matthews' deposition is scheduled for September 15, 2016, the deadline for M-I to file a Response to the Motion to Dissolve the Injunction is September 29, 2016. The deadline for FPUSA to file a Reply is October 6, 2016. A hearing will be set on the matter by separate order.

**IT IS SO ORDERED.**

DATED: September 2, 2016.  San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge

4